```
IN THE UNITED STATES DISTRICT COURT FOR THE
            EASTERN DISTRICT OF OKLAHOMA

ANGELA F. MILLER,                  )
                                   )
            Plaintiff,             )
                                   )
v.                                 )  Case No. CIV-12-210-KEW
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )
```

## OPINION AND ORDER

Plaintiff Angela F. Miller (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on June 29, 1977 and was 33 years old at the time of the ALJ's decision. Claimant completed her high school education and attended vocational training for three weeks in a restorative nurse assistant program. Claimant worked in the past as a cashier/stocker/storekeeper. Claimant alleges an inability to work beginning June 1, 2004 due to limitations resulting from depression, anxiety, concentration and memory problems, difficulty

completing tasks, problems with following instructions, problems handling stress, problems handling changes in routine, hypertension, sleep problems, and problems with swelling and pain in her left leg and foot.

## Procedural History

On October 28, 2009, Claimant protectively filed for for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On January 11, 2011, an administrative hearing was held before ALJ Osly F. Deramus in McAlester, Oklahoma. On January 31, 2011, the ALJ issued an unfavorable decision. On March 19, 2012, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to perform

a proper step four analysis.

**Step Four Analysis and Determination**

In his decision, the ALJ found Claimant suffered from the severe impairments of depression, obesity, residuals of a left ankle fracture, and high blood pressure. (Tr. 12). He concluded Claimant retained the RFC to perform light work. He did determine that due to psychologically based factors, Claimant had some limitations but she could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to work situations. (Tr. 14). After consultation with a vocational expert, the ALJ found Claimant could perform her past relevant work as a cashier/stocker/storekeeper. (Tr. 18).

Claimant contends the ALJ's step four analysis is not supported by substantial evidence. In analyzing Claimant's ability to engage in her past work, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). On January 14, 2010, Dr. Don B. Johnson completed a Mental RFC Assessment form on Claimant. He determined Claimant was moderately limited in hte areas of the ability to understand and remember detailed instructions; ability to carry out detailed instructions; and ability to interact appropriately with the general public. (Tr.

5

332-33). Dr. Johnson concluded Claimant could perform simple and some complex tasks; could relate to others on a superficial work basis; and could adapt to a work situation. (Tr. 334). The ALJ's RFC tracks with and is supported by these findings. (Tr. 14). Moreover, Claimant does not challenge the ALJ's RFC findings.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. Id. In making this determination, the ALJ may rely upon the testimony of the vocational expert. Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003). Claimant asserts the ALJ failed to assess the social functioning requirements of her past relevant work, given the limitations the ALJ included in social functioning in his RFC. The ALJ's examination of Claimant at the administrative hearing focused upon physical and mental requirements of her job as a cashier. She testified that she was employed at McDonald's as a cashier. (Tr. 29). That is the extent of inquiry into the demands of Claimant's past relevant work.

Claimant's original statement upon filing for benefits stated that in her job she "took orders, gave food out." (Tr. 136). The vocational expert identified Claimant's past relevant work of cashier, stocker, store keeper as light, SVP 3, semiskilled. (Tr. 42). This represents a sufficient information on the job

6

requirements of Claimant's past relevant work upon which the ALJ could base his findings at phase two. Doyal, 331 F.3d at 760.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. Winfrey, 92 F.3d at 1023. Upon being presented with Claimant's RFC which includes restrictions in social functioning in a hypothetical question, the vocational expert testified the individual could perform her past relevant work. (Tr. 42-43). The ALJ fulfilled his duty to compare his undisputed phase one RFC with the demands of Claimant's past relevant work.

Claimant also contends the ALJ did not explain a conflict between the job description for her past relevant work in the *Dictionary of Occupational Titles ("DOT")*. The DOT specifies that the jobs of cashier II (DOT #211.462-010) and cashier-checker (DOT #211.462-014) require significant contact with people. Recognizing that Dr. Johnson found a moderate limitation in Claimant's ability to interact appropriately with the general public, Claimant states the DOT and the vocational expert's testimony conflict and the conflict is not explained by either the ALJ or the vocational expert. The unchallenged RFC found by the ALJ did not include a restriction in interacting with the general public but rather only

7

a restriction to relate to others on a superficial work basis. (Tr. 14). Accordingly, this Court cannot find that a conflict existed between the DOT and the vocational expert's testimony given Claimant's RFC.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 19th day of September, 2013.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma